■ JIM BEAM BRANDS Co., Respondent, v TEQUILA CUERVO LA ROJEÑA S.A. DE C.V., Appellant, et al., Defendants. [881 NYS2d 421]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 4, 2008, which, in an action for breach

of a settlement agreement limiting defendant's use of a trademark, denied defendant's motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

Long-arm jurisdiction under CPLR 302 (a) (1) was correctly found where the complaint alleges that defendant breached the subject agreement in New York by permitting its licensee to sell nonconforming products here, and where the agreement regulates defendant's use of the subject trademark throughout the entire United States, was negotiated in New York by defendant's long-standing New York counsel, contains a New York choice-of-law clause, and extends to "all those acting in concert or participation with [defendant] or under [its] direction and control" (*see Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006]; *Sunward Elecs., Inc. v McDonald*, 362 F3d 17, 22, 23 [2d Cir 2004]). Given long-arm jurisdiction under CPLR 302 (a) (1), we need not reach the question of whether there is also jurisdiction under CPLR 301 (*see Deutsche Bank*, 7 NY3d at 72 n 2). Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ.